In the Matter of the Application for the DISCIPLINE OF John J. FLANAGAN, an Attorney at Law of the State of Minnesota.

No. C1–85–1368.

Supreme Court of Minnesota.

Sept. 25, 1985.

### ORDER

This matter came before the court on July 26, 1985, upon petition of William J. Wernz, Director of Lawyers Professional Responsibility, trustee in the above matter.

WHEREAS, on August 19, 1985, the court ordered the appointment of William J. Wernz as trustee in the above matter;

WHEREAS, pursuant to the court's order, the trustee has taken possession of John Flanagan's client files which were found in respondent's law office or in storage;

WHEREAS, pursuant to the court's order, the trustee has undertaken to inventory those client files and property and to return client files and property to the correct persons;

WHEREAS, there remain in the trustee's possession client files which need to be inventoried and returned;

WHEREAS, certain individual clients and creditors of John Flanagan have retained separate and independent counsel to represent their interests, or the trustee has advised those individuals not so represented to obtain independent counsel;

WHEREAS, various actions have already been initiated privately or through the state courts to protect client interests, which can best be resolved through the courts and the legal process;

WHEREAS, a petition to appoint a special conservator was heard on September 12, 1985, by the Ramsey County Probate Court, to protect potential assets of the estate of John Flanagan for the benefit of clients and creditors; and

WHEREAS, the trustee has limited resources available to perform his duties as trustee, has no special expertise to fully coordinate or manage the diverse actions necessary to fully protect the interests of all clients or affected parties, and may be placed in a conflict of interest in attempting to so fully protect all interests;

IT IS HEREBY ORDERED that the court's August 19, 1985, order appointing William J. Wernz as trustee regarding John J. Flanagan is confirmed as follows:

1. That the trustee's duties and obligations, pursuant to the court's August 19, 1985, order appointing William J. Wernz as trustee, are limited to inventorying client files of John J. Flanagan, attempting to

return those files to the correct clients, and notifying clients of their need to retain counsel.

2. The trustee may henceforth refer all inquiry from former clients or creditors of John Flanagan, or other interested or affected parties, to the special conservator appointed by the Ramsey County Probate Court, or to any other appropriate fiduciary or representative appointed by a court.

3. Except for those specific duties stated above, the trustee need take no further steps in discharging his duties as trustee.